# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3398 | **DATE** | 7/25/2000 |
| **CASE TITLE** | Kahn vs. Perryman | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. Kahn's petition for a writ of habeas corpus is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | 7-31-00 date docketed |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| JD | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 6

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

YASER B. KAHN, )
)
    Petitioner, )
) 00 C 3398
  v. )
) Judge George M. Marovich
BRIAN PERRYMAN, District Director )
of the Immigration and )
Naturalization Service, and )
JANET RENO, Attorney General of )
the United States of America, )
)
    Respondents. )

## MEMORANDUM OPINION AND ORDER

Now before the Court is Yaser B. Kahn's ("Kahn") habeas corpus petition. Kahn is being held by the Immigration and Naturalization Service ("INS") pursuant to Section 236(c) of IIRIRA, 8 U.S.C. §1226(c) ("§1226"), and 8 C.F.R. § 3.19(h)(2). Kahn requests that this Court find §1226 unconstitutional and grant his petition for habeas relief.

## BACKGROUND

Kahn is a legal permanent resident of the United States who, on September 7, 1999, plead guilty to possession of cannabis with intent to deliver and was sentenced to three years imprisonment. On February 9, 2000, Kahn presented his motion to vacate his plea which was denied on March 2, 2000. That same day, Kahn appealed the denial of his motion.

On May 10, 2000, the Illinois Department of Corrections released Kahn and transferred him to the INS. Based on his status as an aggravated felon, the INS initiated removal proceedings. On May 31, 2000 an immigration judge ordered Kahn released on a $5,000 bond. Following the statutorily prescribed procedures, the INS immediately appealed this ruling to the Board of Immigration Appeals. Kahn is now being held pending his removal proceedings on the merits.

## DISCUSSION

The gravamen of Kahn's argument is that the mandatory detention provision of § 1226(c) violates his procedural and substantive due process rights under the 5th and 14th Amendments. Despite Kahn's thoughtful arguments and despite case law from other circuits which supports Kahn's position, this Court finds its hands tied by Seventh Circuit precedent to the contrary. See Parra v. Perryman, 172 F.3d 954 (7th Cir. 1999)("§ 1226(c) plainly is within the power of Congress"). Kahn contends that Parra is inapplicable because, unlike the petitioner in Parra, Kahn has not conceded his removability or his status as an aggravated felon, as evidenced by his motion to vacate his guilty plea and subsequent appeal. The Court finds this argument unpersuasive.

Parra addressed a constitutional challenge to § 1226 brought by an alien being held by INS pending his removal as an aggravated felon. The only notable difference between the facts of Parra and the present case, is that the petitioner in Parra conceded both his status as an aggravated felon and his removability. This Court is not convinced, however, that the Seventh Circuit's holding in Parra is so narrow as to only capture such situations where both of these concessions have been made. Allowing a petitioner, such as Kahn, to baldly deny his status as an aggravated felon and his removability would render the Parra decision a meaningless academic hypothetical.

In Parra, the Seventh Circuit held unequivocally that "[o]ne line of argument that cannot be made at any time, in any court, is that a person with a conviction for an aggravated felony is entitled to discretionary relief permitting him to remain in the United States." Id. at 956 (citing Yang v. INS, 109 F.3d 1185, 1190-92 (7th Cir. 1997)) Therefore, if Kahn, in fact, has been convicted of an aggravated felony, then "removal is overwhelmingly likely." Id. The Seventh Circuit reasoned that persons who have committed aggravated felonies and are consequently "subject to § 1226 have forfeited any legal entitlement to remain in the United States." Id. at 958. After

3

weighing the petitioner's arguments that § 1226 is unconstitutional, the Seventh Circuit decided: "Given the sweeping powers Congress possesses to prescribe treatment of aliens, the constitutionality of § 1226(c) is ordained." Id.

In order for this Court to distinguish the present case from Parra, it would have to be presented with a tenable argument that Kahn was not an aggravated felon subject to removal pursuant to § 1226. Kahn has presented no such argument. Kahn, apparently in a last minute effort to remain in this country, has filed a motion for a vacated plea of his criminal conviction in state court. He now argues that this filing renders his state court judgment "not final". This argument is completely without merit. Kahn filed his motion five months after his sentencing and the motion was denied by the trial judge. The petitioner then appealed this denial. Such an appeal is untimely. Under Illinois Supreme Court Rule 604(d), guilty pleas may not be appealed unless a motion to withdraw the plea and vacate judgment is filed <u>within thirty days</u> of the date of sentencing. ILL. SUP. CT. 604(d) Thus, petitioner waived his right to a direct appeal by failing to file such motion timely. For immigration purposes, a conviction is final when an alien has exhausted his right to direct appeal despite any possibility for discretionary review.

4

Matter of Polanco, 20 I&N Dec. 894 (BIA 1994); 3B AM. JUR. 2d *Aliens & Citizens* § 1852. Accordingly, Kahn, unable to deny his status as an aggravated felon or his removability, is in the same position as Parra who conceded these points. "A criminal alien who insists on postponing the inevitable has no constitutional right to remain at large during the ensuing delay, and the United States has a powerful interest in maintaining the detention in order to ensure the removal actually occurs." Parra, 172 F.3d at 958. Having found that the present case is covered by the holding in Parra, this Court follows the Seventh Circuit in holding that § 1226 is constitutional as applied to these facts.

## CONCLUSION

For the reasons stated above, Kahn's petition for a writ of habeas corpus is denied.

ENTER:

GEORGE M. MAROVICH
UNITED STATES DISTRICT JUDGE

DATED: July 25, 2000